**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | )   Case No. 26-10528 (LGB) |
| Raízen S.A., *et al.*,[1] | ) |
|  | )   Chapter 15 |
| Debtors in a Foreign Proceeding. | )   (Jointly Administered) |
|  | ) |

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING AND CERTAIN RELATED RELIEF**

Upon the *Declaration of Lorival Nogueira Luz, Junior, and Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief pursuant to 11 U.S.C. §§ 105, 1515, 1517, 1520, and 1521* (the "Declaration and Verified Petition")[2] dated March 12, 2026, Raízen S.A. (the "Petitioner" or the "Foreign Representative"), in its capacity as the duly-appointed foreign representative of the above-captioned debtors (collectively, the "Debtors") in the Brazilian court-supervised extrajudicial reorganization proceeding (*recuperação extrajudicial*) of the Debtors (the "Brazilian Proceeding"), which was accepted by the 3rd Bankruptcy and Judicial Reorganization Court – Central Civil Courthouse (the "Brazilian Bankruptcy Court") on March 12, 2026, pursuant to Federal Law No. 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil"), requesting this Order (the "Order") (a) granting the Declaration and Verified Petition and recognizing the Brazilian Proceeding as the foreign main proceeding for the Debtors pursuant to

---

[1]      The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Raízen S.A. (01-23–Brazil); Raízen Energia S.A. (01-78–Brazil); Raízen Centro-Sul Paulista S.A. (18-28–Brazil); Raízen Fuels Finance S.A. (0903–Luxembourg); Blueway Trading Importação e Exportação S.A. (01-57–Brazil); Raízen Caarapó Açúcar e Álcool Ltda. (01-66–Brazil); Raízen North America, Inc. (7198–U.S.); Raízen Centro-Sul S.A. (01-36–Brazil); and Raízen Trading S.A. (3.167–Switzerland).

[2]      Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Declaration and Verified Petition.

section 1517 of title 11 of the United States Code (the "Bankruptcy Code"), and all relief included

therewith as provided in section 1520 of the Bankruptcy Code; (b) finding that the Petitioner is the

duly-appointed foreign representative, as defined in section 101(24) of the Bankruptcy Code, of

the Brazilian Proceeding for each of the Debtors for purposes of these proceedings; and (c)

granting such other and further relief as the Court deems just and proper; and this Court having

reviewed (i) the Forms of Voluntary Petition, (ii) the Declaration and Verified Petition, along with

the exhibits annexed thereto [ECF No. 3], (iii) the *Declaration of Giuliano Colombo Pursuant to*

*28 U.S.C. § 1746 In Support of the Declaration of Lorival Nogueira Luz, Junior, and Verified*

*Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief*

*Pursuant to 11 U.S.C. §§ 105(A), 1515, 1517, 1520, and 1521* (the "Brazilian Counsel

Declaration") [ECF No. 4], (iv) the *Petitioner's Brief in Support of the Verified Petition for*

*Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant*

*to 11 U.S.C. §§ 105(a), 1515, 1517, 1520, and 1521* and accompanying *Declaration of Lorival*

*Nogueira, Luz, Junior, in Support of the Petitioner's Brief in Support of the Verified Petition for*

*Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant*

*to 11 U.S.C. §§ 105(a), 1515, 1517, 1520, and 1521* [ECF No. 29] (the "Brief and Supplemental

Declaration"), and (v) the statements of counsel with respect to the Declaration and Verified

Petition at a hearing before this Court (the "Hearing"); and appropriate and timely notice of the

filing of the Declaration and Verified Petition and the Hearing having been given in accordance

with the *Order Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 Scheduling*

*Hearing and Specifying Form and Manner of Service and Notice* (the "Notice Order") [ECF No.

22]; and no objections having been filed or asserted as set forth on the record of the Hearing; and

no other or further notice being necessary or required; and this Court having determined that the

legal and factual bases set forth in the evidence admitted by the Court at the Hearing including the Declaration and Verified Petition, the Brazilian Counsel Declaration, the Brief and Supplemental Declaration, and all other pleadings and papers in these chapter 15 cases (the "Chapter 15 Cases") establish just cause to grant the relief ordered herein; and after due deliberation thereon;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

C.      This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

D.      Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

E.      The Petitioner has been (i) duly appointed to act as the "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, of the Brazilian Proceeding with respect to the Debtors and (ii) authorized to commence and prosecute these Chapter 15 Cases.

3

F.      These Chapter 15 Cases were properly commenced on March 12, 2026 by the Foreign Representative pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.      The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q) and 7007.1, and Rules 2002-4 and 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

H.      The Brazilian Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

I.      The Brazilian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J.      The COMI of each of the Debtors is in Brazil.  Accordingly, the Brazilian Proceeding is the "foreign main proceeding" of each of the Debtors, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.      The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Debtors, their creditors and other parties in interest.

L.      Appropriate notice of the filing of and the Hearing on the Declaration and Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated by the Court at the Hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Declaration and Verified Petition is GRANTED as set forth herein.

4

2.      The Petitioner is the duly appointed foreign representative of the Brazilian Proceeding with respect to the Debtors, within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of each of the Debtors in these Chapter 15 Cases.

3.      The Brazilian Proceeding is granted recognition as the foreign main proceeding of each of the Debtors pursuant to section 1517 of the Bankruptcy Code.

4.      All relief and protection afforded to foreign main proceedings under section 1520 of the Bankruptcy Code are hereby granted to the Brazilian Proceeding, the Petitioner, the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States, as applicable, including application of section 362 of the Bankruptcy Code with respect to each of the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States, subject to the exceptions to section 362 that are set forth in the Bankruptcy Code.

5.      For the avoidance of doubt, pursuant to sections 362(b), 546(e), 546(f), 546(g), 546(j), 555, 556, 559, 560, 561, and 562 of the Bankruptcy Code, and subject to the terms of the applicable contracts and the Brazilian Bankruptcy Code, nothing in this Order affects or stays the exercise of acceleration (early termination) and set-off rights under a securities contract, commodity contract, forward contract, repurchase agreement, swap agreement, or master netting agreement (each as defined in sections 101, 741, and 761 of the Bankruptcy Code).

6.      Notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered and may in its discretion and without further delay take any action and perform any act necessary to implement and effectuate the terms of this Order.

7.      A copy of this Order shall be served by the Petitioner within seven business days of entry of this Order by email, first class mail, or overnight courier on the Notice Parties (as defined in the Notice Order), and such service shall be good and sufficient service and adequate notice for all purposes.

8.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, enforcement, amendment or modification of this Order.

Dated: New York, New York
      April 8, 2026

                                   */s/ Lisa G. Beckerman*
                                   HONORABLE LISA G. BECKERMAN
                                   UNITED STATES BANKRUPTCY JUDGE